UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>SALVATORE GIOVANNOTTO, et al.,<br><br>    Defendants. | Case No. 21-cv-03142-TSH<br><br>**ORDER DENYING MOTION TO DISMISS; ORDER SETTING CMC**<br><br>Re: Dkt. Nos. 41, 46 |

## I.   INTRODUCTION

Plaintiff Brian Whitaker brings this action for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, against Defendants Salvadore Giovannotto, Stella Giovannotto, and Torres & Prado Corp. He alleges he encountered dining surfaces that weren't wheelchair accessible at Sanchos Taqueria, located in Palo Alto, California. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing Whitaker lacks standing to pursue his claims. ECF No. 41. Whitaker filed an Opposition (ECF No. 50) and Defendants filed a Reply (ECF No. 52). The Court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Defendants' motion for the following reasons.[1]

## II.   BACKGROUND

Whitaker is a quadriplegic who uses a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. Salvatore and Stella Giovannotto, in individual and representative capacities as trustees of The

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 19.

Living Trust of The Giovannotto Family Dated August 30, 1982, own the real property located at 491 Lytton Avenue, Palo Alto, California. *Id*. at ¶¶ 2-3. Torres & Prado Corp. owns Sanchos Taqueria, located at the same address. *Id.* ¶¶ 4-5.

In April 2021, Whitaker went to Sanchos Taqueria with the intent to avail himself of its goods or services, motivated in part to determine if the business complied with disability access laws. *Id.* ¶ 10. However, on the date of his visit, Defendants failed to provide wheelchair-accessible dining surfaces in conformance with ADA standards. *Id*. ¶ 12. Whitaker claims he will return to Sanchos Taqueria to avail himself of its goods or services and to determine disability access compliance, but he is deterred from returning because of his knowledge of the existing barriers. *Id*. ¶ 23.

Whitaker filed this case on April 29, 2021. Defendants filed the present motion to dismiss on August 31, arguing Whitaker fails to plead he has standing to bring this action, his claim that he intends to return to the restaurant is not credible, and the Court should decline to extend supplemental jurisdiction over his Unruh Act claim.

### III.     LEGAL STANDARD

**A.     Rule 12(b)(1)**

Rule 12(b)1) allows a party to challenge a federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and a plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A

A jurisdictional challenge under Rule 12(b)(1) "can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2

(9th Cir. 2003)). To resolve a factual challenge, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Id.* (citing *White*, 227 F.3d at 1242).

## IV. REQUEST FOR JUDICIAL NOTICE

Defendants request the Court take judicial notice of the following:[2]

- Exhibit A: Complaint filed in *People of the State of California v. Potter Handy, LLP, et al.*, Case No. CGC22599079, filed California Superior Court, County of San Francisco;

- Exhibit B: List of the cases filed by Brian Whitaker as Plaintiff in the Northern District of California, as of August 28, 2022;

- Exhibit C: List of the cases filed by Brian Whitaker as Plaintiff in the Central District of California, as of August 28, 2022;

- Exhibit F: Order GRANTING Defendant's Motion to Dismiss in *Whitaker v. LSB Prop.Mgmt., LLC*, Case No. CV 19-9607 DSF (MAAx) (C.D. Cal. June 22, 2020);

- Exhibit G: Order Re: Motion to Dismiss For Lack of Jurisdiction in *Whitaker v. BPP EastUnion LLC*, Case No. 2:20-cv-06818-MWF-E (C.D. Cal. Dec. 11, 2020);

- Exhibit H: Order Granting Motion to Dismiss; Dismissing Unruh Act Claim in *Whitaker v. Salah*, Case No. 4:21-cv-09548 YGR, ECF No. 14 (N.D. Cal. June 27, 2022);

- Exhibit I: Order DISMISSING Plaintiff's Claims for Failure to Plead Standing in *Whitaker v. PQ Americana, Inc.*, Case No. CV 19-10495 DSF (SSx) (C.D. Cal. Mar. 20, 2020); and

- Exhibit K: ORDER TO MEET AND CONFER REGARDING SCHEDULE FOR EVIDENTIARY HEARING ON MOTION TO DISMISS in *Whitaker v. Curry Village Foods, Inc.*, No. 21-CV-03713-JCS (N.D. Cal. Aug. 9, 2021).

Rule 201 of the Federal Rules of Evidence permits a court to notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to

---

[2] Defendants' request for judicial notice is filed at ECF No. 44, while the exhibits referenced therein are filed as attachments to the motion.

3

1  reasonable dispute" if it is "generally known," or "can be accurately and readily determined from
2  sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).
3      The Court may properly take judicial notice of court filings and matters of public record,
4  although specific factual findings and legal conclusions set forth in the records may not bind this
5  Court. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)
6  (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th
7  Cir. 1998)); *see also Whitaker v. Nick the Greek Santa Clara LLC*, 2022 WL 2343044, at *2 (N.D.
8  Cal. June 29, 2022) (in considering motion to dismiss Whitaker's complaint on standing grounds,
9  granting defendant's request to take judicial notice of lists of cases filed by Whitaker in this and
10 other districts, a record of jurisdiction discovery in another case brought by Whitaker, and
11 complaints and court orders filed in other cases brought by Whitaker).  Accordingly, the Court
12 **GRANTS** Defendants' request for judicial notice.  "However, these exhibits will not be noticed
13 'for the truth of the matter asserted therein.'" *Nick the Greek Santa Clara LLC*, 2022 WL
14 2343044, at *2 (quoting *Romero v. Flowers Bakeries, LLC*, 2015 WL 2125004, at *2 (N.D. Cal.
15 May 6, 2015) and citing *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D.
16 Cal. 2010); *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir.
17 1983)).

### V.    DISCUSSION

**A.   Americans with Disabilities Act**

20     "The ADA includes three main sections – Title I, which concerns employment
21 discrimination, 42 U.S.C. § 12111 *et seq.*; Title II, which governs access to public services, *id.* §
22 12131 *et seq.*; and Title III, which governs access to privately operated public accommodations,
23 such as restaurants and movie theaters, *id.* § 12181 *et seq.*" *Gilstrap v. United Air Lines, Inc.*, 709
24 F.3d 995, 1002 (9th Cir. 2013).  Whitaker's claim is asserted under Title III.
25     Title III of the ADA states that "[n]o individual shall be discriminated against on the basis
26 of disability in the full and equal enjoyment of the goods, services, facilities, privileges,
27 advantages, or accommodations of any place of public accommodation by any person who owns,
28 leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  The

ADA defines discrimination to include:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

42 U.S.C. § 12182(b)(2)(A)(ii). To establish a claim under this provision, Whitaker must show (1) he is disabled within the meaning of the ADA; (2) Defendants own, lease, or operate a place of public accommodation; and (3) he was denied full and equal treatment by Defendants because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

**B.     Standing**

In order to show he has standing, Whitaker must allege facts showing "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, __ U.S. __, 141 S.Ct. 2190, 2203 (2021) (citation omitted). "Article III standing requires a concrete injury even in the context of a statutory violation," as is alleged in this case. *Id.* at 2205 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). In addition, "standing is not dispensed in gross; rather, [Whitaker] must demonstrate standing for each claim" he presses and "for each form of relief" that he seeks. *Id.* at 2208 (citation omitted). The only relief available to Whitaker under the ADA is an injunction. *See Strojnik v. IA Lodging Napa First LLC*, 2020 WL 2838814, at *5 (N.D. Cal. June 1, 2020) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)).

To have standing to seek injunctive relief, Whitaker must allege facts to show that he "has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with a 'sufficient likelihood that he will again be wronged in a similar way.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) and *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). The latter inquiry turns on whether Whitaker has a "real and immediate threat of repeated injury." *Id.* The threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute an

injury in fact for injunctive relief purposes. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).

> An ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation. Just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a store suffers the ongoing actual injury of lack of access to the store.

*Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 950 (9th Cir. 2011).

The Ninth Circuit also has held that "where, as here, the public accommodation being sued is far from the plaintiff's home, we have found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).

Defendants' primary argument is that Whitaker cannot prove Article III standing because his contention that he intends to return to the restaurant is not plausible. Mot. at 9-12, Reply at 3-6. They point to the number of ADA cases Whitaker has filed against other businesses (arguing that he "has already admitted . . . he has no intention of returning to the businesses that he has sued") and the distance between his home in Los Angeles and "the hundreds of businesses that he sued that are located hundreds of miles away from his residence." *Id.* at 10. However, these arguments go to Whitaker's credibility. While this will ultimately be tested by evidence, the Ninth Circuit has explained that, in assessing whether ADA plaintiffs have shown standing at the pleadings stage, "[w]e limit our evaluation to the pleadings." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Prop. Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017). As the Supreme Court has stated, standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561 (citations omitted). So, at this stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." *See id.*

Whitaker alleges he went to a business (Sanchos Taqueria), encountered a barrier (no wheelchair-accessible dining surfaces), is deterred from visiting Sanchos Taqueria (and thus injured), and "will return to the Restaurant to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that the Restaurant and its facilities are accessible." Compl. ¶¶ 10, 12, 23. This is enough for Whitaker to establish standing. *See Whitaker v. TJ Tech. LLC*, 2022 WL 1427506, at *3 (N.D. Cal. May 5, 2022) (holding that plaintiff established standing by alleging he went to a business, encountered a barrier, was deterred, and would return to the business once it was accessible); *Garcia v. Chung Enters., L.P.*, 2021 WL 7285264, at *4 (N.D. Cal. Dec. 14, 2021) (same); *Whitaker v. Peet's Coffee, Inc.*, 2022 WL 1189888, at *4 (N.D. Cal. Apr. 21, 2022) (same); *Johnson v. Woldeselassie*, 2022 WL 2317434, at *5 (N.D. Cal. June 28, 2022) (rejecting challenge to intent to return allegations on Rule 12(b)(1) and 12(b)(6) motion where plaintiff alleged he will "return to the Store . . . once it is represented to him that the Store and its facilities are accessible," but is "currently deterred from doing so" because of the alleged inaccessibility); *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent.").

Defendants argue "the sheer number of lawsuits Plaintiff filed in the Northern District of California demonstrates the futility of this alleged intention to return." Mot. at 7-8. They note that, as of August 28, 2022, Whitaker filed over 550 cases in this District. *Id.* at 8. However, at this stage, the Court finds Whitaker's history of filing ADA suits provides little insight into his intent to return to Sanchos Taqueria. The Ninth Circuit has urged "our most careful scrutiny" before relying on past litigation to prevent an ADA plaintiff from pursuing a valid claim in federal court. *D'Lil*, 538 F.3d at 1040. More specifically, the type of generalized and collective evidence Defendants present here does not directly bear upon the crux of the standing inquiry presently before the Court—i.e., whether Whitaker intends to return to the restaurant at issue in this case. *See Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 875-76 (S.D. Cal. 2019) ("Plaintiff's professed intentions to visit the other hotels—sincere or otherwise—are not before this Court. For the

7

1  purposes of this Rule 12(b)(1) motion, the Court is only concerned whether Plaintiff has adduced

2  enough support for the proposition that she is likely to return to the Radisson."); *Nick the Greek*

3  *Santa Clara LLC*, 2022 WL 2343044, at *4 (finding evidence of Whitaker's other lawsuits

4  insufficient to establish he did not intend to return to the restaurant at issue because "Defendant's

5  evidence speaks to Plaintiff's lack of intent to return to other businesses."); *TJ Tech. LLC*, 2022

6  WL 1427506, at *2 (declining to consider at the pleading stage the number of ADA cases

7  Whitaker has filed against other businesses). This is not to say that Whitaker's past litigation

8  conduct is wholly irrelevant or unimportant to the inquiry of whether he in fact intended to return

9  to Sanchos Taqueria. However, at this stage in the pleadings, the Court finds Whitaker's

10 allegations are sufficient. *See Peet's Coffee, Inc.*, 2022 WL 1189888, at *4; *D'Lil*, 538 F.3d at

11 1039-40.

12       Finally, although some judges have held evidentiary showings at the pleading stage

13 regarding the credibility of an ADA plaintiff's intent to return, the undersigned sees no particular

14 reason to do so here as Defendants "will have ample opportunity to test Whitaker's credibility—

15 using any of the points [they have] raised in these papers—if and when this suit progresses." *TJ*

16 *Tech. LLC*, 2022 WL 1427506, at *3 (citing *Garcia*, 2021 WL 7285264, at *4).

17 **C.   Unruh Act Claim**

18       A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all

19 claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court has not

20 dismissed the ADA claim, the Court also denies Defendants' motion as to Johnson's Unruh Act

21 claim.

## VI.   CONCLUSION

23       For the reasons stated above, the Court **DENIES** Defendants' motion to dismiss.[3] As the

24 General Order 56 mediation process is complete and Whitaker has requested a case management

25 conference (ECF No. 46), the Court sets this matter for a CMC on October 20, 2022 at 10:00 a.m.

26 by Zoom video conference. The webinar link and instructions are located at

---

[3] Because the Court finds jurisdiction is proper, it does not address Whitaker's judicial estoppel argument.

https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/.  This conference shall be attended by lead trial counsel.  By October 13 the parties shall file a Joint Case Management Statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/tshorders.  The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.

**IT IS SO ORDERED.**

Dated: September 29, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge